UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD JOHN WILLIAMS et al., | : | |
| Plaintiffs, | : | Civil No. 10-5138 (PGS) |
| v. | : | |
| OSCAR AVILES et al., | : | **O R D E R** |
| Defendants. | : | |

It appearing that:

1. On October 7, 2010, the Clerk docketed the instant Complaint. The Complaint named eight persons as Plaintiffs in this matter (with Richard John Williams ("Williams") being named first), referring to them as seemingly self-designated representatives of a seemingly self-certified class of immigration detainees housed, together with pre-trial detainees and convicted individuals, at the Hudson County Correctional Center ("HCCC"). See Docket Entry No. 1. The Complaint was signed solely by Williams, see id. at 15, arrived unaccompanied by Williams' or any other Plaintiff's in forma pauperis application (or by the applicable filing fee), and sought monetary damages and various forms of injunctive relief. See id. at 1, 13-14.

2. Plaintiff's implied application for class certification will be denied. Since only Williams signed the Complaint, this Court has no certainty that all other named Plaintiffs intend to incur the financial responsibility and legal consequences associated with initiation of this action. See Fed. R. Civ. P. 11(a) (requiring each plaintiff to sign the complaint); 28 U.S.C.

§ 1914(a) (the filing fee for a civil rights complaint is $350.00); 28 U.S.C. § 1915(b) (if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee); 28 U.S.C. § 1915(g) (if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he is in imminent danger of serious physical injury); Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009) (litigants proceeding as joint plaintiffs are subject to $350 assessment each if they proceed in forma pauperis); Hairston v. Gronolsky, 348 Fed. App'x 716 (3rd Cir. 2009) (regardless of the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself"); see also Boriboune v. Berge, 2005 U.S. Dist. LEXIS 1165 (W.D. Wis. Jan. 12, 2005) (each inmate will be held legally responsible for knowing precisely what was being filed in the case on their behalf and would be subject to sanctions if such sanctions were found warranted in any aspect of the case). Moreover, the Complaint indicates that the requirements of Rule 23 cannot be met since the Court cannot establish numerosity from the allegations made therein, and the variety of claims indicates that they differ from individual to individual (or might be factually unique to some but not applicable to other Plaintiffs) and, paramountly here, that each immigration detainee Plaintiff (being a self-appointed class representative) is virtually certain to forfeit his stake in the claims asserted, at least with regard to injunctive relief sought, simply by being either removed to his country of origin or

2

as a result of being released from confinement. See <u>United States Parole Comm'n. v. Geraghty</u>, 445 U.S. 388, 396-97 (1980) (if a plaintiff does not present a case or controversy, <u>i.e.</u>, fails to show that (s)he has a personal stake in the ongoing litigation, a federal court would not have subject-matter jurisdiction over such a suit); <u>see also</u> <u>Lindell v. Litscher</u>, 212 F. Supp. 2d 936 (W.D. Wis. Mar. 8, 2004) (group applications are rife with potential problems); <u>Wasko v. Allen County Jail</u>, 2006 U.S. Dist. LEXIS 22907 (N.D. Ind. April 12, 2006) (finding impracticalities inherent to multi-prisoner litigation); <u>Swenson v. MacDonald</u>, 2006 U.S. Dist. LEXIS 5784 (D. Mont. Jan. 30, 2006) (same); Thomas E. Willging, Laural L. Hooper, Robert J. Niemic, Class Actions and the Rulemaking Process: An Empirical Analysis of Rule 23 to Address the Rulemaking Challenges, 71 N.Y.U.L. Rev. 74, 96 (May 1996) (time "required [for a resolution of] prisoner civil rights cases" filed as a class action is 5.03 times more than the time required for resolution of all claims of individual members of the class).

3. The Court, however, cannot rule out the possibility that Williams and/or any/all other Plaintiff(s) named in the Complaint might wish to prosecute his/their own claims and would be able to file amended complaints detailing the specific facts which each Plaintiff <u>bona fide</u> believes to be indicative of his rights being violated.

IT IS, therefore, on this 28th day of October, 2010

ORDERED that Plaintiffs' application for class certification is DENIED; and it is further

ORDERED that the Complaint, Docket Entries Nos. 1, 1-1 and 1-2, is DISMISSED. Such dismissal is without prejudice to Plaintiffs' filing of individual amended complaints; and it is further

ORDERED that the Clerk shall terminate all Plaintiffs in this matter, except for Richard John Williams; and it is further

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event Richard John Williams submits, within 45 days from the date of entry of this Order, his amended complaint asserting his own challenges, together with his filing fee of $350 or with his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall open seven new matters for Plaintiffs Roberto V. Hamilton, Kian Barrett, Antonio Badia, Errol Rennalls, Oscar Garcia, Mohamed Yousuf and Gervan Bircher, designating each of these individuals as "Plaintiff" in his respective new matter and "Warden of HCCC" as "Defendant" in each of these new matters; and it is further

ORDERED that the Clerk shall docket the instant Complaint, Docket Entry No. 1 (without Docket Entries Nos. 1-1 and 1-2), in each such new matter; and it is further

ORDERED that the Clerk shall docket this Order in each such new matter, as well as in the instant matter; and it is further

ORDERED that the Clerk shall designate, in each such new matter, "Cause: 42:1983 Prisoner Civil Rights" and "Jurisdiction: Federal Question"; and it is further

ORDERED that the Clerk shall administratively terminate each of these newly open matters, subject to reopening in the event the Plaintiff designated in that matter submits, within 45 days from the date of entry of this Order, his amended complaint stating the Plaintiff's individual claims and designating appropriate defendants with regard to those claims. Each such submission should be made together with The Plaintiff's filing fee of $350 or his duly executed in forma pauperis application; and it is further

ORDERED that, upon such opening of new matters and administrative termination of the same, the Clerk shall assign all these new matters on the wheel; and it is further

ORDERED that the Clerk shall serve copies of this Order upon Plaintiffs Richard John Williams, Roberto V. Hamilton, Kian Barrett, Antonio Badia, Errol Rennalls, Oscar Garcia, Mohamed Yousuf and Gervan Bircher by regular U.S. mail.  Each such mailing shall include a blank civil complaint form and blank in forma pauperis application form for litigants seeking to file a civil complaint; and it is further

ORDERED that each of the Clerk's mailings to Plaintiffs Roberto V. Hamilton, Kian Barrett, Antonio Badia, Errol Rennalls, Oscar Garcia, Mohamed Yousuf and Gervan Bircher shall also include a copy of the docket sheet of the new matter opened for that particular Plaintiff; and it is finally

ORDERED that no statement made in this Order shall be construed as expressing this Court's opinion about either procedural or substantive validity (or invalidity) of the claims that might be alleged by any Plaintiff referred-to in this Order.

        *s/Peter G. Sheridan*
        PETER G. SHERIDAN, U.S.D.J.

October 28, 2010